# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3190

———————

United States of America,

    Appellee,

v.

Jerome R. Johnson,

    Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: October 17, 2007
Filed: February 14, 2008

———————

Before BYE, BOWMAN, and SMITH, Circuit Judges.

———————

PER CURIAM.

 Jerome R. Johnson pleaded guilty to conspiracy to distribute MDMA (ecstasy) in violation of 21 U.S.C. § 841(a)(1) and was sentenced to seventy months of imprisonment. In calculating the advisory guideline range, the district court[1] included a four-level enhancement under U.S. Sentencing Guidelines (U.S.S.G.) § 3B1.1(a) based on Johnson's role as a leader or organizer in the conspiracy. Johnson appeals contending the government breached the parties' plea agreement by advocating for the role enhancement because the agreement said Johnson "may" be eligible for safety

———————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

valve relief under U.S.S.G. § 2D1.1(b)(7) (2005), and application of a role enhancement automatically negated safety valve relief. See U.S.S.G. § 5C1.2(a)(4) (precluding safety valve relief when the defendant is "an organizer, leader, manager, or supervisor of others in the offense"). The government argues it did not breach the agreement, and moves to dismiss the appeal based upon an appeal waiver contained in the plea agreement. We enforce the appeal waiver and dismiss the appeal.

Johnson contends because the government agreed he "may" be eligible for safety valve relief, the government was barred from advocating any position that would negate the mere possibility represented by the word "may." The plea agreement provided, however, "there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed." Johnson's role in the offense was not one of the guideline issues listed in the plea agreement. With respect to non-listed issues, the plea agreement indicated "the parties are free to advocate their respective positions at the sentencing hearing."

As a consequence, we do not believe the plea agreement's mere use of the word "may" can bear the weight Johnson asks us to assign to it. The plea agreement indicated Johnson "may" be eligible for safety valve relief if he provided a truthful statement pursuant to U.S.S.G. § 5C1.2(a)(5), but the government did not promise he "will" be eligible by doing so. Use of the word "may" implicitly recognized Johnson "may not" be eligible for safety valve relief even if he provided a truthful statement, because provision of a truthful statement is just one of five conditions a defendant must satisfy to obtain safety valve relief. See U.S.S.G. § 5C1.2(a) (setting forth five separate conditions which must be met before a defendant is eligible for safety valve relief). By using the word "may," the plea agreement does not create an obligation on the part of the government, but merely sets forth a correct statement of the law, as was done in other clauses of the same paragraph of the plea agreement (e.g., "[t]he Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not 'unreasonable.'").

An appeal waiver in a plea agreement does not bar an appeal of a sentence if there is a breach of the agreement. <u>United States v. Wilkerson</u>, 179 F.3d 1083, 1084 n.2 (8th Cir. 1999). In the absence of a breach, however, we will enforce the appeal waiver. <u>See</u> <u>United States v. Greger</u>, 98 F.3d 1080, 1081 (8th Cir. 1996) ("So long as the sentence is not in conflict with the negotiated agreement, a knowing and voluntary waiver of the right to appeal from a sentence will be enforced."). Because the government did not breach the plea agreement by advocating for a role enhancement, we enforce the appeal waiver and grant the government's motion to dismiss.

_____