[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10673
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 17, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00107-CR-ORL-28-UAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMARIS CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 17, 2008)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Damaris Cruz appeals her 121-month sentence, imposed following her

conviction on one count of possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). On appeal, Cruz first argues that her sentence violates the Eighth Amendment because it was not proportional to the crime she committed. Second, Cruz argues that the district court clearly erred in failing to award her a reduction for playing a mitigating role in the offense under U.S.S.G. § 3B1.2 and for her acceptance of responsibility under U.S.S.G. § 3E1.1. Finally, Cruz argues that the government breached the plea agreement because, in the agreement, it promised to make certain recommendations at sentencing, but failed to make them. As to the two guidelines issues, the government responds that Cruz's sentence-appeal waiver in her plea agreement bars appellate review.

## I.     Eighth Amendment

We review for plain error an argument raised for the first time on appeal that a sentence violates the Eighth Amendment. See United States v. Johnson, 451 F.3d 1239, 1242 (11th Cir. 2006). Under plain error review, we can only make corrections if there is an error, that is plain, and that affects substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). If these criteria are met, we have the discretion to correct the error, but "should" correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial

2

proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993) (quotation and alteration omitted).

The Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend. VIII. To determine whether a sentence violates the Eighth Amendment, we

> must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, [we] must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions.

United States v. Raad, 406 F.3d 1322, 1324 (11th Cir. 2005) (quotation omitted). The defendant bears the burden of making the threshold showing of disproportionality. See id. at 1324 n.4. "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000) (quotation omitted). "The Supreme Court has made it clear that, outside the context of capital punishment, successful challenges to the proportionality of sentences are exceedingly rare." Raad, 406 F.3d at 1323 (quotation and alterations omitted). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." Johnson, 451 F.3d at 1243 (quotation omitted).

3

In this case, the district court did not commit plain error in sentencing Cruz because her sentence did not violate the Eighth Amendment, as she cannot show that the sentence was disproportionate to her offense under the Supreme Court's and our precedent. Accordingly, we affirm as to this issue.

## II.     Guideline Issues

"[T]he determination of whether a defendant effectively – that is knowingly and voluntarily – waived [her] right to appeal [her] sentence is a question of law that this court reviews de novo." United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). "An appeal-of-sentence waiver provision is enforceable if the waiver is made knowingly and voluntarily." United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Id. "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

Cruz is precluded from challenging the court's guideline calculation because she knowingly and voluntarily entered into a sentence-appeal waiver in her plea

4

agreement. The waiver applies to these two guidelines issues, and accordingly we dismiss the appeal as to these issues.

## III. Alleged Breach of the Plea Agreement

We review an argument that the government breached a plea agreement, raised for the first time on appeal, for plain error. See United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002). "A material promise by the government, which induces a defendant to plead guilty, binds the government to that promise. Whether the government violated the agreement is judged according to the defendant's reasonable understanding of the agreement when [s]he entered the plea." United States v. Thomas, 487 F.3d 1358, 1360 (11th Cir. 2007) (citation omitted).

Cruz cannot show that the court committed plain error in sentencing her because the promised recommendations in the agreement were conditional, and Cruz failed to satisfy those conditions. Accordingly, the government did not breach the agreement and we affirm as to this issue.

## IV. Conclusion

Based on a review of the record and the parties' briefs, we affirm as to Cruz's arguments concerning the Eighth Amendment and a breach of the plea agreement, and we dismiss the appeal as to her claims concerning her sentencing

5

guideline calculation.

**AFFIRMED in part, DISMISSED in part.**