# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3283

_____

United States of America,

        Appellee,

   v.

John H. Lauth,

        Appellant.

\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*        [UNPUBLISHED]
\*

_____

Submitted: June 13, 2011
Filed: June 17, 2011

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), John H. Lauth was sentenced to 188 months imprisonment and 3 years supervised release. In sentencing Lauth, the district court[1] applied the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which provides enhanced criminal penalties in cases where defendants "[have] three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on

_____

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

occasions different from one another." The district court counted certain violent felony offenses, charged and sentenced in the same case, but taking place on three different dates over a six-week period, as distinct occasions for the purpose of meeting the ACCA's three-conviction requirement.

Lauth appeals his sentence, arguing the offenses should be "construed as a single criminal episode for [ACCA] purposes." But Lauth acknowledges his argument "is contrary to this Court's precedent." See, e.g., United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008) ("We have repeatedly held that convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant."); United States v. Long, 320 F.3d 795, 802 (8th Cir. 2003) (reversing a sentence which did not impose the ACCA enhancement because the district court erred by concluding "three violations merged into just one because the convictions occurred in the same proceeding and because [the defendant] received a single sentence that accounted for all three convictions"); United States v. Rush, 840 F.2d 580, 581-82 (8th Cir. 1988) (holding robberies were separate offenses for ACCA purposes because they occurred on different dates). Because "[t]his panel is bound by Eighth Circuit precedent, and cannot overrule an earlier decision by another panel," United States v. Lovelace, 565 F.3d 1080, 1085 (8th Cir. 2009) (quoting Passmore v. Astrue, 533 F.3d 658, 660 (8th Cir. 2008)), we must reject Lauth's invitation to revisit the issue.

Accordingly, we affirm.

_____