KELLY, Circuit Judge,
dissenting.
The parties in this case negotiated a plea agreement in which they stipulated to a two-level enhancement in Tidwell’s offense level “for possessing a dangerous weapon in connection with the offense” pursuant to USSG § 2Dl.l(b)(l). According to the government, that enhancement was based on the firearms that were a subject of Tidwell’s September 11, 2013, conviction. In other words, in negotiating the plea agreement, the parties intended the firearms and drug trafficking conduct underlying the 2013 conviction to be considered relevant conduct.[5] At resentencing, Tidwell received three criminal history points for the 2013 conviction. At the re-sentencing hearing, the district court specifically asked the government whether the 2013 conviction was relevant conduct to the offense of conviction. The Assistant United States Attorney who appeared on behalf of the government was filling in for the Assistant United States Attorney who had prosecuted this case, and told the court it was not. But that was not correct.
The indictment in this case charged a conspiracy that occurred “through February 7, 2012.” The 2013 conviction was based on conduct that occurred nine days later, on February 16, 2012, the date on which Tidwell was arrested on the federal charges. The parties expressly negotiated a plea agreement that included relevant conduct occurring after the end date of the conspiracy, which they are free to do. See United States v. Manzano-Huerta, 809 F.3d 440, 444 (8th Cir. 2016) (“Plea agreements are contractual in nature, and are interpreted according to general contract principles.”) (quoting Margalli-Olvera v. INS, 43 F.3d 345, 351 (8th Cir. 1994)). “When a guilty plea is induced by an agreement, the government must abide by its terms.” United States v. Lovelace, 565 F.3d 1080, 1087 (8th Cir. 2009). To count this conviction for purposes of calculating Tidwell’s criminal history category at the resentencing risks violating USSG § 4A1.2(a)(l) and comment, (n. 1). I would accept the parties’s agreement on this issue, because I think the record supports it.
*766 The district court considered the proper factors in determining whether the 2013 conviction was relevant conduct, but relied on misinformation in applying them. When the district court granted Tidwell’s § 2255 motion and ordered resentencing, it found the previous criminal history error (the one that warranted resentencing in the first instance) was not harmless “because the Court can’t say how it would have weighed the information or exactly what sentence it would have imposed.” Similarly, I would give the district court the opportunity to decide what sentence it would impose given the correct information about the terms of the original plea agreement regarding relevant conduct. For these reasons, I respectfully dissent.

. Tidwell was also convicted of misdemeanor animal cruelty on September 11, 2013. The government submits that this conviction was not contemplated as relevant conduct under the plea agreement, but the district court did not resolve this factual dispute.