# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1442

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Peter Fuller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: March 12, 2018
Filed: June 6, 2018
[Unpublished]

_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Matthew Fuller appeals the revocation of his supervised release.  While on supervision following his conviction for participating in a drug conspiracy, Fuller

tested positive for drugs. The district court[1] ordered the probation office to prepare a supplemental presentence investigation report, which was delivered one day before the revocation hearing. At the hearing, the district court revoked Fuller's supervised release and sentenced him to 7 months in custody, followed by 18 months of supervised release. Fuller filed this appeal. While the appeal was pending, Fuller served his time and began his supervised release. Again Fuller tested positive for drugs; the district court again revoked supervised release and returned Fuller to custody, where he is today.

We begin with jurisdiction. The government suggests that the lawfulness of Fuller's first revocation is moot because Fuller would have ended up back in custody no matter what. We disagree. Though we are "without power to decide questions that cannot affect the rights of litigants," North Carolina v. Rice, 404 U.S. 244, 246 (1971), such is not the case here. Fuller is currently in custody for the revocation of his second term of supervised release, which was imposed as part of the sentence Fuller contests in this appeal. Therefore, Fuller is still suffering the adverse consequences of his first revocation, which means there is still a case or controversy for us to adjudicate. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). The government's motion to dismiss this appeal is denied.

Turning to the merits, Fuller argues that the district court violated the procedural requirements of Fed. R. Crim. P. 32(e)(2) and the Due Process Clause by imposing sentence just a day after the completion of the supplemental presentence investigation report. Fuller raised neither of these issues below, so we review only for plain error. "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." United States v. Vaughn, 519

_____

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

F.3d 802, 804 (8th Cir. 2008). "A plain error is one that is clear or obvious under current law." <u>United States v. Lovelace</u>, 565 F.3d 1080, 1092 (8th Cir. 2009).

We conclude that Fuller has not established plain error as to either Rule 32 or the Due Process Clause. Fuller argues only that his revocation sentence was unlawful because it was imposed a short time after the probation office provided the supplemental presentence report. Fuller makes no argument that this affected his substantial rights; he does not assert, for instance, that his sentence would have been shorter if he had more time to review the presentence report. We also note that it is not clear or obvious that Rule 32(e)(2) even applies to revocation proceedings. <u>See</u> <u>United States v. Richey</u>, 758 F.3d 999, 1002 n.3 (8th Cir. 2014) (declining to answer the "difficult question" of whether Rule 32(e)(2) applies at revocation).

There was no plain error, so we affirm the judgment of the district court.

_____