Filed 7/27/23  P. v. Nunally CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B318340 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA249053) |
| v. | |
| JAMAR CORNELL NUNALLY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael E. Pastor, Judge.  Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Jamar Cornell Nunally appeals from the order denying his resentencing petition under Penal Code[1] former section 1170.95, now section 1172.6. We affirm.

In 2003, during a carjacking perpetrated by Nunally and Dane Woodsen, Woodsen shot and killed the carjacking victim. Nunally was charged with special circumstances murder, carjacking, and conspiracy. He pleaded guilty to second degree murder. On May 1, 2006, the trial court sentenced him to 15 years to life for the murder and dismissed the other counts in the interest of justice. We affirmed the judgment.

On April 12, 2019, Nunally filed a petition for resentencing under former section 1170.95, contending his conviction under a felony murder theory was invalid because he was not the actual killer, and did not act with intent to kill or reckless indifference to human life.

The trial court appointed counsel, received briefing, and held an evidentiary hearing. The court found beyond a reasonable doubt Nunally was a major participant in the carjacking and acted with reckless indifference to human life, and therefore was ineligible for resentencing.

Nunally appealed and we appointed counsel. Appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) stating counsel found no arguable issues. We notified Nunally of his right to file a supplemental brief, and he did so.

Under *Delgadillo*, we do not have to review independently the entire record to identify unraised issues, but we must evaluate arguments relating to the postconviction ruling on

---

[1] Unspecified statutory citations are to the Penal Code.

appeal raised in any supplemental brief filed by the defendant. (*Supra*, 14 Cal.5th at p. 232.)

In his supplemental brief, Nunally raises the following challenges to the evidence and argument at the evidentiary hearing. First, he claims the district attorney violated the federal Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. § 1320d et seq.; HIPAA) by introducing Nunally's criminal risk assessment. Second, he claims the Fifth Amendment of the United States Constitution barred admission of Nunally's statements during a parole eligibility hearing. Third, he claims the district attorney breached Nunally's plea agreement by arguing at the evidentiary hearing that Nunally was a knowing and willing participant in the murder, when the district attorney had agreed years earlier as part of the plea agreement to strike those terms from the factual basis of Nunally's plea. Fourth, he argues his counsel at the evidentiary hearing was ineffective to the extent counsel failed to object on any of the above bases.

It appears Nunally's first three contentions are forfeited for failure to raise them below. Given his claim of ineffective assistance of counsel, we nonetheless address them on the merits.

Nunally cites no authority that information protected by HIPAA cannot be introduced in a criminal or postconviction proceeding. HIPAA imposes civil and criminal penalties for the unauthorized disclosure of medical information, but does not contain a suppression remedy. (*Y.C. v. Superior Court* (2021) 72 Cal.App.5th 241, 255, 257.) We express no opinion whether introduction of the criminal risk assessment violated HIPAA.

There is no Fifth Amendment right against self-incrimination in a postconviction proceeding under former

section 1170.95, and courts have held that "parole hearing transcripts are proper evidence in this setting." (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 586, 589.)

If, as Nunally claims,[2] the district attorney agreed at the time of the plea agreement to amend the factual basis for Nunally's plea to reflect that Nunally did not admit to being a knowing and willing participant, that did not preclude the district attorney from later arguing in a postconviction proceeding that Nunally was in fact a knowing and willing participant. Nunally cites no authority to the contrary. His cited case, *U.S. v. Lovelace* (8th Cir. 2009) 565 F.3d 1080, held the government breached a plea agreement by advocating a higher offense level for a drug offense than was specified in the agreement. (*Id.* at p. 1087.) Here, Nunally does not contend the district attorney advocated for greater punishment than that to which Nunally had agreed when he took his plea.

Because Nunally's arguments lack merit, trial counsel was not ineffective for failing to raise them. (*People v. Jones* (2010) 186 Cal.App.4th 216, 234–235 [to establish ineffective assistance of counsel, defendant must show "counsel's representation 'fell below an objective standard of reasonableness,' " and " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "].)

---

[2] Nunally provides no record citations and we have been unable to verify the accuracy of his characterization of the facts. We assume arguendo his characterization is correct.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.