# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2988
_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Bordeaux

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota
_____

Submitted: June 14, 2024
Filed: July 17, 2024
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Kevin Bordeaux pled guilty to assault with a dangerous weapon; using and carrying a firearm during and in relation to a crime of violence; and assaulting, resisting, and impeding a federal officer. The district court mistakenly sentenced Bordeaux at an offense level of 29 and a Criminal History Category of III, resulting in a United States Sentencing Guidelines Manual (Guidelines) range of 108 to 135 months. Had the Guidelines been properly applied, the court would have sentenced

Bordeaux at an offense level of 28 and a Criminal History Category of III, resulting in a Guidelines range of 97 to 121 months. Given this miscalculation, we remand to the district court for resentencing under the correct Guidelines range.

## I.

On the evening of July 6, 2022, Bordeaux got into a fight with his girlfriend, Megan Hawk. Bordeaux pulled out a handgun and shot Hawk in the right hip. Bordeaux then fled the scene in a vehicle with Carston Eagle Deer.

On the morning of July 8, 2022, law enforcement spotted Bordeaux's vehicle and attempted to make contact. But Bordeaux sped away, leading law enforcement on a high-speed chase while he and Eagle Deer fired handguns at the pursuing officers. Law enforcement managed to capture Bordeaux, and a federal grand jury later indicted Bordeaux with numerous offenses.

Bordeaux pled guilty to Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153 (Count I); Using and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count III); and Assaulting, Resisting and Impeding a Federal Officer, in violation of 18 U.S.C. §§ 111(a), 111(b) and 18 U.S.C. § 2 (Count V).

The United States Probation Office's Presentence Investigation Report (PSR) calculated Bordeaux's total offense level to be 29, and his Criminal History Category to be IV, resulting in a Guidelines range of 121 to 151 months of imprisonment for Counts I and V. The PSR also calculated the minimum term of imprisonment for Count III to be 84 months, to be served consecutive to the sentence for any other counts. Pertinent here, the PSR added a five-level enhancement to Count I for discharging a firearm.

At the sentencing hearing, the district court sustained Bordeaux's objection to the addition of two criminal history points for commission of an offense while

-2-

serving a criminal justice sentence, which reduced Bordeaux's criminal history points from eight to six and reduced his Criminal History Category from IV to III. Ultimately, based on the sustained objection, the district court determined the appropriate Guidelines range for Counts I and V was 108 to 135 months, based on an offense level of 29 and a Criminal History Category of III. Bordeaux did not object to the district court's ultimate calculation.

The district court sentenced Bordeaux to 120 months of imprisonment on Count I and 132 months of imprisonment on Count V, to be served concurrently. The district court also sentenced Bordeaux to 84 months of imprisonment on Count III, to be served consecutive to the sentences for Counts I and V. Bordeaux now appeals.

## II.

The government concedes the district court improperly calculated the Guidelines range, resulting in a Guidelines sentence range of 108 to 135 months for a total offense level of 29, rather than 97 to 121 months for the correct total offense level of 28. The government contends, however, that any error did not prejudice Bordeaux. We disagree.

Normally, we review departures from the Guideline range under an abuse of discretion standard. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). But when the defendant fails to object to a purported error, we review only for plain error. *See United States v. Lovelace*, 565 F.3d 1080, 1087 (8th Cir. 2009) (setting out standard for plain error review).

Under plain error review, we will reverse only when a defendant shows (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To show that an error affected one's substantial rights, a defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been

different[.]" *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (internal quotation marks omitted). "In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Id*. at 200.

Miscalculated Guidelines ranges do not always affect a defendant's substantial rights. "There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist," such as when "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.*; *see also United States v. Henson*, 550 F.3d 739, 741–42 (8th Cir. 2008) (government met its burden of showing no substantial influence on sentence by showing the district court "would have arrived at the same term of imprisonment absent the procedural error").

There is no question the district court erred, and the error was plain.[1] Thus, our inquiry is limited to whether Bordeaux's substantial rights were affected by the district court's miscalculation and whether the error affected the fairness and integrity of the judicial proceedings. We conclude both factors are met.

_____

[1]The government concedes there was plain error. *See* Oral Argument at 14:09, United States v. Bordeaux, No. 23-2988 (8th Cir. 2023), media-oa.ca8.uscourts.gov/OAaudio/2024/6/232988.MP3. Under U.S.S.G. § 2K2.4, "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. § 2K2.4, cmt. n.4. Here, a sentence "under this guideline" was imposed for the conviction under Count III. Because the Count III sentence was imposed in conjunction with a sentence for Count I, the district court should not have applied the specific offense characteristic for possessing or discharging a firearm to the underlying offense. *See United States v. Bell*, 477 F.3d 607, 615 (8th Cir. 2007) (observing the Guidelines "prohibit adding gun-related offense characteristic enhancements for an offense underlying a § 924(c) conviction . . . because the § 924(c) conviction already carries statutorily required incremental punishment").

The 132-month sentence exceeded the correct Guidelines range by 11 months. Had the district court known the correct Guidelines range, there is a "reasonable probability" it would have sentenced Bordeaux within that range rather than to 132 months. The government claims the district court would have imposed the same sentence irrespective of the Guidelines range. The record gives us no such assurance. During the proceedings below, the district court specifically noted the Guidelines numerous times, and it anchored its reasons for the sentence to them time and again. For example, the district court emphasized that although it had the authority to increase Bordeaux's Criminal History Category "back up to IV," it asserted it was "not inclined to do that." The district court also stated Bordeaux's Criminal History Score placed him at the top of Category III, which warranted consideration of sentences at the upper end of that range. And although the district court considered imposing consecutive sentences, it elected not to, deciding a sentence at the top of the calculated range was "sufficient *but not more than necessary*." The district court's repeated analysis of the appropriateness of Bordeaux's Criminal History Score and category suggests it relied heavily on the Guidelines range when determining the appropriate sentence to impose. Thus, we conclude there is a "reasonable probability" the district court would have imposed a sentence within the correct range. *Molina-Martinez*, 578 U.S. at 201. This miscalculation affected Bordeaux's substantial rights.

The error also affected the fairness and integrity of the judicial proceedings. As stated above, the district court's miscalculation resulted in a significant increase in the Guidelines range from 97 to 121 months to 108 to 135 months. Such an increase seriously affected the fairness and integrity of the judicial proceedings. *See United States v. Campos*, 79 F.4th 903, 914 (8th Cir. 2023) (observing that an erroneous increase in the Guidelines range affects the fairness and integrity of judicial proceedings); *see also United States v. Bailey*, 37 F.4th 467, 470 (8th Cir. 2022) (finding a two-level enhancement seriously affected the fairness of the proceedings because the Guidelines range would have been lower absent the enhancement).

## III.

There was a reasonable probability Bordeaux would have received a lower sentence but for the erroneous Guidelines range calculation. Thus, this case is remanded to the district court for resentencing under the lower and correct Guidelines range.

_____