# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2815
_____

United States of America

*Plaintiff - Appellee*

v.

Jacques Simpson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: May 10, 2024
Filed: July 25, 2024
[Published]
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jacques Simpson pleaded guilty to wire fraud, 18 U.S.C. § 1343, and possessing a firearm as an unlawful drug user, §§ 922(g)(3), 924(a)(2). While on pretrial release, he was arrested for possessing marijuana, interfering with official acts, and committing various traffic offenses. Based on this conduct, the Government objected to the Presentence Report's inclusion of a two-level reduction

for "clearly demonstrat[ing] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). But it later withdrew the objection in exchange for Simpson withdrawing one of his own, and the district court[1] granted the two-level reduction.

After "qualif[ying] for a decrease under subsection (a)," Simpson was eligible for an additional one-level reduction "upon motion of the government stating that [he] assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to" plead guilty, "thereby permitting the government to avoid preparing for trial." § 3E1.1(b). But the Government refused to so move. To make up for this, Simpson asked the district court to vary down under 18 U.S.C. § 3553(a). The court declined, noting that Simpson was "pretty lucky to be getting" a two-level reduction under § 3E1.1(a) when there was a "solid argument" that he didn't deserve it.

Had Simpson received the additional one-level reduction, his Guidelines range would have been 33 to 41 months in prison. But without it, his Guidelines range was 37 to 46 months. With the latter range in mind, the court imposed a 45-month sentence.

On appeal, Simpson claims that the district court erred by failing to compel the Government to move for a § 3E1.1(b) reduction. Because he only asked the court to vary down, we review for plain error. See United States v. Jordan, 877 F.3d 391, 393 (8th Cir. 2017). To prevail, Simpson must show: (1) an error, (2) that is "clear or obvious under current law," and (3) that "affects substantial rights." United States v. Lovelace, 565 F.3d 1080, 1090, 1092 (8th Cir. 2009). And even then, we may correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1090 (citation omitted).

---

[1]The Honorable C.J. Williams, then District Judge, now Chief Judge, United States District Court for the Northern District of Iowa.

"A court may compel a government motion for a three-level decrease . . . only if the government's decision not to move is based on an unconstitutional motive or irrational." United States v. Donath, ___ F.4th ____, ____ (8th Cir. 2024). Simpson does not allege that the Government based its decision on an unconstitutional motive. And the Government's decision was rational: Simpson's pretrial release violations undermined his "claim[] of contrition." See United States v. Cooper, 998 F.3d 806, 810 (8th Cir. 2021) (citation omitted). So the district court did not err by refusing to compel the Government to move for a third-level reduction.

Resisting this conclusion, Simpson argues that a recent Guidelines amendment "clarifies" that the Government may refuse to move for the third-level reduction only if the defendant's conduct did not help it avoid preparing for trial. See U.S.S.G. Supp. to App. C., Amend. 820 (effective Nov. 1, 2023); United States v. King, 280 F.3d 886, 891 (8th Cir. 2002) ("A defendant sentenced under one version of the Guidelines may be given the benefit of a later revision if the revision merely clarifies, rather than substantively changes, the Sentencing Commission's earlier intent."). But after briefing concluded, a panel of this court held that Amendment 820 only "narrows the government's discretion to move *for* a three-level decrease" and "does not affect the government's decision *against* a motion." Donath, ___ F.4th at ____. We are bound by this holding, so we cannot say that the district court erred by ruling consistent with it.

The district court's judgment is affirmed.

_____