# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1948

_____

United States of America,

            Appellee,

v.

William Baker,

            Appellant.

          Appeal from the United States
          District Court for the
          Western District of Missouri.

_____

Submitted: January 9, 2012
Filed: March 28, 2012

_____

Before WOLLMAN, LOKEN, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

William Baker pled guilty, pursuant to a written plea agreement, to one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). In the plea agreement, the Government agreed to recommend a sentence at the low end of Baker's advisory sentencing guidelines range. The district court,[1] however, imposed a longer

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

sentence, and Baker now appeals, arguing that the Government breached the agreement with its comments at sentencing. We affirm.

At his change-of-plea hearing, Baker admitted the truthfulness of the following facts set forth in the plea agreement. Baker arranged and photographed a sexual encounter at his residence between a fifteen-year-old male and a fifteen-year-old female. The acts photographed by Baker included oral, anal, and vaginal sex between the minors. Baker provided alcohol to the minors before and during the encounter, showed them pornographic videos to "instruct" them how to do certain acts, and at one point touched the female minor's genitals. Law enforcement recovered 114 photographs of the encounter from digital media at Baker's residence. Baker also had a previous Missouri conviction for first-degree sexual abuse. At the change-of-plea hearing, Baker confirmed that he understood his plea agreement contained a waiver of his right to appeal "on any ground except claims of ineffective assistance of counsel, prosecutorial misconduct or an illegal sentence."

At Baker's sentencing hearing, the district court determined an advisory guidelines range of 360 months to life, with the upper end of the range modified to 600 months by the statutory maximum. *See* 18 U.S.C. § 2251(e) (imposing a statutory range of imprisonment of twenty-five to fifty years for offenders with one qualifying prior conviction). The female victim and her mother each spoke on behalf of Baker and requested that the district court impose a sentence of less than 360 months. Baker also filed a letter in which he acknowledged that his punishment was warranted but stated, "I just wish it wasn't so severe." Thereafter, the Government acknowledged that it was bound under the plea agreement to recommend a sentence at the low end of the guidelines range (that is, 360 months), briefly summarized the offense conduct, and then stated:

> They don't get much worse than this, Your Honor. They don't.
> And the defendant has made it abundantly clear by his own actions that

he has a sexual preference for young children, and he's never going to stop. Presumably 30 years will be enough to prevent him from ever doing this again.

And for those reasons, Your Honor, I believe that the guidelines adequately address the defendant's actions here, and the government will stand by the plea agreement in this case.

Baker's counsel did not object to any of these statements. The district court pronounced a sentence of 480 months, citing in particular the factors of protecting the public and providing adequate deterrence. Baker now appeals, arguing that the Government breached its agreement to recommend a sentence at the low end of the guidelines range.

Where "a defendant seeks to avoid an appellate waiver contained in a plea agreement by arguing, for the first time on appeal, that the government breached the plea agreement, this court will review the forfeited claim (and related claims) under the plain error test of Fed. R. Crim. P. 52(b)." *United States v. Lovelace*, 565 F.3d 1080, 1086 (8th Cir. 2009). The plain error test requires a finding of "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 1087 (quoting *United States v. Keller*, 413 F.3d 706, 710 (8th Cir. 2005)). Such an error may be remedied "only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Keller*, 413 F.3d at 710) (internal quotation marks omitted). "Issues concerning the interpretation and enforcement of a plea agreement are reviewed de novo." *Id.* at 1086-87 (quoting *United States v. Paton*, 535 F.3d 829, 835 (8th Cir. 2008)).

Here, there is no error, much less plain error, because the Government in fact made the recommendation it was obligated to make. The fact that the recommendation was made in other than the most enthusiastic terms does not breach the agreement. *See United States v. Has No Horses*, 261 F.3d 744, 750 (8th Cir. 2001)

("[The plea agreement] required the government to recommend a reduction for acceptance of responsibility, and the government made this recommendation at sentencing. . . . While the attorney's recommendation was less than enthusiastic, this lack of enthusiasm does not breach the agreement."). In addition, Baker's letter and the testimony on Baker's behalf at the sentencing hearing could be construed as an argument for a below-guidelines sentence, and the Government was not prohibited from opposing a below-guidelines sentence even if such opposition conceivably could cut against a sentence at the low end of the guidelines range as well. *Cf. United States v. Yellow*, 627 F.3d 706, 709 (8th Cir. 2010) (finding that, although the government presented evidence relating to obstruction of justice that was used to deny an acceptance-of-responsibility reduction, the government did not breach its plea agreement obligation to recommend an acceptance-of-responsibility reduction "because the government never promised to refrain from presenting evidence of obstruction of justice").

Furthermore, even if the Government's statements were held to be a breach of the plea agreement, the breach would not have affected Baker's substantial rights as required for a finding of reversible plain error. *See Lovelace*, 565 F.3d at 1087. To satisfy this prong of the plain error test, Baker would need to "show a 'reasonable probability, based on the appellate record as a whole, that but for the error he would have received a more favorable sentence.'" *Id.* at 1088 (quoting *United States v. Pirani*, 406 F.3d 543, 552 (8th Cir. 2005) (en banc)). The district court's statements at sentencing reflect just the opposite, however:

> Not everybody has thoughts that they want to have sex with a young child, Mr. Baker. This is abnormal. This is illegal. This is sick. So you -- you've acted on these at least twice that we know of. Well, more than that based on the presentence investigation . . . . It suggests to this Court that in my role, in considering the goals of punishment where I have to look at protecting the public, I don't feel a lot of comfort that when you get out of prison that kids are going to be safe around you. I don't see

how that -- it defies logic that any child will ever be safe around William Baker.

\* \* \*

Here's another [factor]. To afford adequate deterrence. So people know when they have sex with children, there's a harsh punishment related to that. It should be. If we can't protect children as a society, we're lost. . . .

I'm just shocked. I've seen a lot of ugliness in my business, and I am shocked by this behavior.

Based on the record, there is no indication that, but for the Government's statements, the district court would have imposed a sentence more favorable to Baker. Thus, even if the Government were held to have breached the plea agreement, Baker's breach claim would fail the plain error test of Rule 52(b). *See Lovelace*, 565 F.3d at 1088.

For the foregoing reasons, we affirm.

_____