# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4273

_____

United States of America

*Plaintiff - Appellee*

v.

Dionne T. Ackerley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 27, 2018
Filed: December 17, 2018

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Dionne Ackerley entered into a written plea agreement with the government pursuant to which she pled guilty to one count of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Subject to certain exceptions, the agreement stipulated that, in exchange for Ackerley's cooperation, any new information Ackerley might provide about her own criminal conduct would not be used against her in the determination of her applicable

Sentencing Guidelines range or the decision to depart above her applicable range. The agreement also contained a waiver of appellate rights. Prior to sentencing, the government filed a motion to depart downward from the applicable range, which stated, in relevant part, that information Ackerley provided aided in establishing a base offense level for her sentence. At sentencing, the government reiterated that Ackerley's cooperation helped establish a base offense level for her sentence. Sent. Tr. 8, ECF No. 295. The district court[1] ultimately sentenced Ackerley to 234 months imprisonment. Ackerley contends for the first time on appeal that the government breached the plea agreement because it provided her self-incriminating proffered statements to the probation office in order to support the drug quantity calculations contained in the presentence investigation report and to establish a base offense level for her sentence. In response, the government argues Ackerley has failed to meet her burden under plain-error review and thus the appeal waiver should be enforced and her appeal dismissed. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a),[2] we enforce the appeal waiver and dismiss the appeal.

I.

Generally, "a defendant is allowed to waive appellate rights." United States v. Lovelace, 565 F.3d 1080, 1084 (8th Cir. 2009) (quoting United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc)); see also 1A Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure § 180 (4th ed. 2008) ("A plea

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

[2]Ackerley's waiver of appellate rights does not affect our jurisdiction. See United States v. Lovelace, 565 F.3d 1080, 1083 (8th Cir. 2009); accord United States v. Shemirani, 802 F.3d 1, 3 (D.C. Cir. 2015); United States v. Combs, 657 F.3d 565, 570 (7th Cir. 2011) (per curiam); United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007); United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006); United States v. Hahn, 359 F.3d 1315, 1324 (10th Cir. 2004) (en banc) (per curiam).

agreement may include a waiver by defendant of h[er] statutory right to appeal . . . .”).
Ackerley argues, however, that the government breached the agreement and,
therefore, the appeal waiver is unenforceable and her appeal may proceed.[3] “Issues
concerning the interpretation and enforcement of a plea agreement are reviewed de
novo.” Lovelace, 565 F.3d at 1086-87 (quoting United States v. Paton, 535 F.3d 829,
835 (8th Cir. 2008)).

Because Ackerley did not object to either the calculated base offense level or
the drug quantities attributed to her in the presentence investigation report, we review
for plain error. See id. Thus, Ackerley must show (1) error, (2) that is plain, and (3)
that affects her substantial rights. See id. at 1087. “[I]f the above three prongs are
satisfied, [we have] the *discretion* to remedy the error—discretion which ought to be
exercised only if the error seriously affect[s] the fairness, integrity or public
reputation of judicial proceedings.” Puckett v. United States, 556
U.S. 129, 135 (2009) (third alteration in original) (internal quotation marks
omitted); see also United States v. Olano, 507 U.S. 725, 732 (1993) (noting that an
appellate court cannot overturn a judgment “unless” plain-error review applies or
“unless some other provision authorizes the error’s correction”). “Meeting all four
prongs is difficult, ‘as it should be.’” Puckett, 556 U.S. at 135 (quoting United States
v. Dominguez Benitez, 542 U.S. 74, 83 n.9 (2004)).

II.

Despite it being her burden, Ackerley has not identified which, if any, of her
proffered statements were allegedly used to calculate the drug quantities contained

---

[3]Ackerley does *not* argue that the appeal waiver is unenforceable because her
appeal falls outside the scope of the waiver nor that it is unenforceable because she
unknowingly and involuntarily entered into the plea agreement and waiver. See,
e.g., Andis, 333 F.3d at 889-90. Nor does she request that we not enforce the waiver
because it would result in a miscarriage of justice. See id. at 890.

in the presentence investigation report and to establish her base offense level. Nor can she rule out that the information used in the presentence investigation report may have come from independent sources, which was permissible under the plea agreement. Ackerley explains that she does not have enough information to determine if the government breached the plea agreement and that the existing record before this Court is insufficient to make such a determination.

Her explanation amounts to a fatal concession that she cannot show error, much less "plain" error, from the existing record.[4] Ackerley requests we remand the case to the district court for a hearing into whether the government breached the plea agreement. This request, however, overlooks the fact that this Court cannot grant relief unless Ackerley satisfies all four prongs of plain-error review, see Olano, 507 U.S. at 732, two of which she has conceded she cannot establish based on the existing record. Moreover, she does not provide "some other provision" that would authorize relief. Id.; see also United States v. Yijun Zhou, 838 F.3d 1007, 1015 (9th Cir. 2016) (Graber, J., concurring) ("The Supreme Court has left very little room—if any at all—for the judicial creation of exceptions to [plain-error review].").

Even assuming without deciding that Ackerley has established the first two prongs of plain-error review, "remand is not automatic." United States v. Olson, 667 F.3d 958, 964 (8th Cir. 2012) (Benton, J., dissenting). In this case, Ackerley "must make a specific showing of prejudice to satisfy the 'affecting substantial

---

[4]We note there may not have been error arising from the government's alleged use of Ackerley's cooperation facts because Ackerley failed to appear for her originally-scheduled sentencing. See United States Sentencing Commission, Guidelines Manual, § 1B1.8(b)(4). Further, USSG § 1B1.8(b)(5) may have authorized the government to disclose Ackerley's cooperation facts in moving for a downward departure under USSG § 5K1.1. Because they were neither argued nor briefed by the parties in this appeal, we express no view on these issues.

rights' prong . . . ." Olano, 507 U.S. at 735.[5] "Since the rights in the plea agreement relate to sentencing, [Ackerley] must show that h[er] sentence was affected by the breach." Lovelace, 565 F.3d at 1088 (citing Puckett, 556 U.S. at 142 n.4). Specifically, she "must show a 'reasonable probability, based on the appellate record as a whole, that but for the error [s]he would have received a more favorable sentence.'" Id. (quoting United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005) (en banc) (internal quotation marks omitted)).

Ackerley fails to establish prejudice under the third prong. She states that the government's breach of the plea agreement "not only affected her substantial rights it also seriously affected the fairness, integrity, or public reputation the of [sic] judicial proceedings." Appellant's Br. 17. Such a conclusory statement, however, is insufficient under plain-error review. Accord United States v. Jackson, 220 F. App'x 317, 330 (5th Cir. 2007); United States v. Ray, 147 F. App'x 32, 36 (10th Cir. 2005). Indeed, to accept her statement as satisfactory would turn plain-error review on its head; "proving plain error prejudice 'should not be too easy' and 'demand[s] strenuous exertion to get relief.'" Pirani, 406 F.3d at 552 (alteration in original) (quoting Dominguez Benitez, 542 U.S. at 82). Furthermore, as explained above, Ackerley is unable to point to the precise statements used in violation of the plea agreement or to explain how the use of such statements affected her sentence. See Puckett, 556 U.S. at 142 n.4. Ackerley does not respond to the government's argument that the information used in the presentence investigation report to establish her base offense level was available from independent sources; therefore, there was no need to use her proffered statements to calculate the drug quantities in the

---

[5]The government's breach of a plea agreement "is undoubtedly a violation of the defendant's rights . . . ." Puckett, 556 U.S. at 136. However, the "breach of a plea deal is not a 'structural' error . . . ." Id. at 141; see also United States v. Resnick, 823 F.3d 888, 898 (7th Cir. 2016) (noting that "[a] Fifth Amendment self-incrimination violation is not structural error"). Thus, Ackerley is not relieved of her "usual burden of showing prejudice." Puckett, 556 U.S. at 141.

presentence investigation report.[6]  The Supreme Court contemplated that "[t]he defendant whose plea agreement has been broken by the Government will not always be able to show prejudice . . . ." Id. at 141.  This case is illustrative.[7]

## III.

Because Ackerley has not met her burden under plain-error review, we enforce the appeal waiver and dismiss the appeal.

———————————————————

[6]Tellingly, the third exhibit attached to Ackerley's separate pro se brief may undermine any argument that the government's alleged breach affected the outcome of her sentence.  That exhibit is an e-mail from Ackerley's appointed trial counsel to her appointed appellate counsel wherein her appointed trial counsel explains that Ackerley's statements to investigators "did not change the base offense level" because the "base offense level realistically had already been determined before her proffer."  Ackerley does not address the effect of this correspondence on her burden to show prejudice.

[7]Because Ackerley has failed to establish the third prong of plain-error review, we need not address the fourth prong.  See Pirani, 406 F.3d at 553.