# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2956

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Michael Zurheide

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 14, 2020
Filed: May 26, 2020

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Pursuant to a written plea agreement, Eric Michael Zurheide pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). In the plea agreement, the parties jointly agreed to recommend a 70-month

term of imprisonment but the district court[1] imposed an 84-month sentence. Zurheide claims the government breached its agreement when it discussed a guidelines range sentence with the district court. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I. Background

Zurheide was arrested in a police sting in St. Louis County, Missouri, when he arrived at a local McDonald's with the intent to follow through with a pre-arranged sexual contact with a supposed minor. He was in possession of two cell phones, one of which contained child pornography. Zurheide faced a two-count indictment: (1) attempt to entice or coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), and (2) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The parties entered into a written plea agreement under Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the terms of which required the joint sentence recommendation. Zurheide acknowledges he knew at the time of sentencing that the plea agreement did not bind the district court.

At sentencing, the district court correctly determined the applicable guidelines range was 70 to 87 months. From the beginning, the district court expressed concern about the "particularly disturbing" facts of the case. After the defense had been heard, the court noted the joint recommendation, and asked the prosecutor if there was "anything you want to tell me with regard to sentencing considerations." In response the prosecutor stated:

> Well, your Honor, only that [defense counsel] is correct that it did take
> the parties a long time to reach this recommendation. The Court is
> correct that the underlying facts are disturbing, but part of the

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

Government's concern and desire was to make sure that the Defendant did receive a guideline range. So the guideline range is the 70 to 87 months. The 70 months that we have agreed to is reflected at the bottom of the guideline. The Government wanted to make sure because of how severe, or how serious the facts are, that the guideline range was, in fact, recommended to the Court.

Zurheide's counsel failed to object to the government's statements. The district court imposed an 84-month sentence. Zurheide appeals.

## II. Discussion

Because the prosecutor's comments were unobjected to, we review the claim of breach for plain error. United States v. Rendon, 752 F.3d 1130, 1133 (8th Cir. 2014). The plain error test requires an "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Baker, 674 F.3d 1066, 1068 (8th Cir. 2012) (internal quotation marks omitted). The error may only be remedied if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Zurheide contends that while the government paid lip service to its duty to jointly recommend a 70-month sentence, it breached the agreement when it failed to argue for the joint recommendation. Contrary to Zurheide's contentions, the government fulfilled its duty when it recommended the court follow the joint recommendation. By the time the prosecutor addressed the court, she was aware that the sentencing judge was dubious of the recommendation. The prosecutor explained why she agreed to the recommendation. The government was not obligated to zealously defend the joint recommendation in the face of the court's hostility. See id. ("The fact that the recommendation was made in other than the most enthusiastic terms does not breach the agreement."). No error, plain or otherwise, exists on this record.

Even if error was assumed, Zurheide would not merit relief because he has failed to show "a reasonable probability that the district court would have imposed a lesser sentence had the government not breached the agreement." Rendon, 752 F.3d at 1135 (internal quotation marks omitted). Before the prosecutor had a chance to address the court, the district judge had already expressed doubt about the joint recommendation. When it explained the sentence, the court emphasized that the case was about more than receiving child pornography, noting: "The facts are just so disturbing and concerning that it is just not possible for me not to consider a sentence at the top of the guideline range." In view of these statements, Zurheide cannot establish that he would have received a lesser sentence absent the prosecutor's comments. See Jeffries v. United States, 721 F.3d 1008, 1015 (8th Cir. 2013) ("In view of the judge's comments at sentencing, it is unlikely that he would have been moved by a tepid statement by the prosecutor conforming strictly to the stipulation.").

## III. Conclusion

For the foregoing reasons, we affirm.

_____