# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1905
_____

United States of America

*Plaintiff - Appellee*

v.

Roy Helper, also known as Roy Little Boy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: February 19, 2021
Filed: August 2, 2021

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Roy Helper pleaded guilty to abusive sexual contact of his 12-year old daughter, J.H., between May 2016 and May 2017, in violation of 18 U.S.C. §§ 1153, 2244(a)(1). The plea agreement included a broad appeal waiver. At sentencing, the

district court[1] determined that the advisory guidelines range was 168 to 210 months imprisonment, reduced to 120 months, the statutory maximum sentence. Helper moved for a downward variance to 60 months. The court granted a lesser variance and sentenced him to eight years imprisonment and 5 years of supervised release.

Helper appeals, arguing his sentence is substantively unreasonable. He argues for the first time on appeal that the government breached its promise in the plea agreement to recommend a sentence of five years imprisonment. The government moves to dismiss the appeal based upon the appeal waiver. Helper responds that the government's breach of the plea agreement makes the appeal waiver unenforceable. He urges us to remand for resentencing or to afford him an opportunity to withdraw the plea. Concluding there was no plain error and the appeal waiver is therefore enforceable, we dismiss the appeal.

## I.

We begin by setting forth the two provisions of the lengthy written plea agreement that are at issue:

> **G. GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE - 5 YEARS:** The Defendant and the United States understand and agree that the Court will determine the applicable Guildeline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. The United States agrees that it will recommend that the Court impose a sentence of imprisonment of 5 years. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

[1] The Honorable Jeffery L. Viken, Chief Judge of the United States District Court for the District of South Dakota.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range.

*   *   *   *   *

**P. WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

At the start of the April 17, 2020 sentencing hearing, the district court stated:

You're before the Court on an amended plea agreement charging abusive sexual contact by force. The United States indicated it would recommend a custody sentence of 60 months, or five years, which is half the federal sentencing guideline range in the case. It's a nonbinding plea agreement.

*   *   *   *   *

I did receive victim impact letters from the victim's mother, [E.H.], and she puts out that this was a long-term abusive relationship towards herself and the children, and she left you after 14 years of being together and is carrying some guilt over her not being present at all times to protect these kids.

Now just today we received a letter from the victim in the case, who's now 15 years old. She was 12 at the time of the sex act that resulted in your guilty plea and conviction here. She is struggling. I'm sure you haven't had contact with her . . . . But she's having nightmares. She's struggling. She's filled with shame, guilt. She's extremely angry.

-3-

She and her mother think the five-year recommendation for sentencing is far too low, it's inappropriate, it's not sufficient to deal with the seriousness of the crime that was committed here.

The court then recited in detail its determination of the guidelines sentencing range, noting that even the low end of the range was substantially above the statutory maximum. When counsel agreed with that determination, the court stated:

> Well, let's turn to the matter of sentencing here. As I said, we've got a 60-month nonbinding recommendation from the United States. What's your view on sentencing, Mr. Diggins [defense counsel] and Mr. Helper?

Defense counsel replied that Helper was requesting a downward variance from the ten-year statutory maximum based on "the need for rehabilitation." Counsel stated that, "pursuant to the plea agreement, the government, I expect, will either join in my motion or make their own motion to vary downward to get to the five-year recommendation." Reacting to the victim impact letters, counsel urged the court to consider that "presumably the government consulted with the victim in this case and her mother when [it] made the offer [it] did and agreed to recommend five years."

The court and counsel then engaged in considerable discussion of proposed special conditions of supervised release, and the court received comments regarding the sentence from Helper and two unidentified speakers. Government counsel then made her sentencing comments, reviewing the offense conduct in detail and addressing the plea agreement:

> In reaching this agreement, it weighed heavily on whether [J.H.] could testify, and she looked me in the eyes and told me she couldn't do it. And so that's why the United States entered into this agreement with the defense.

-4-

[J.H.'s] letter is quite impactful. I'd ask the Court to consider that heavily in making its decision for the five years.

After further discussion of the contested special supervised release conditions, the court asked government counsel:

> THE COURT: Did the victim and her mother object to this five-year recommendation at the time . . . the plea agreement was entered?
> MS. POPPEN: At the time that I explained it to them, I received their permission.
> THE COURT: Yeah. Well, that's certainly not their position now. And they don't have sentencing authority. But I do, of course --
> Mr. Helper, there's a crime victims' rights statute where victim children have an absolute right to be heard and have their positions considered. . . . And so I certainly do consider [E.H.'s] letter [and J.H.'s] letter in fashioning a sentence for you.

Following a lengthy discussion of the relevant sentencing factors, the district court varied downward two years and imposed an eight year sentence:

> This is a nonbinding plea agreement, and plea agreements are not binding for a reason. Prosecutors and defense lawyers are not a judge. My function is different than theirs. They're advocates for their position. Mine is to be neutral and to oversee the application of the laws in a way which is both just and fair. And my view is a 96-month sentence in your case is appropriate. It's not the maximum, at all.

## II.

On appeal, Helper argues the government breached the plea agreement by "failing to recommend a sentence of 5 years" and "asking the district court to consider the victim impact statement, which explicitly rejected the 5-year recommendation." We conclude this contention is without merit.

Helper did not raise this issue in the district court. Consistent with prior decisions, in United States v. Lovelace, we held "that when a defendant seeks to avoid an appellate waiver contained in a plea agreement by arguing, for the first time on appeal, that the government breached the plea agreement, this court will review the forfeited claim (and related claims) under the plain error test of Fed.R.Crim.P. 52(b)." 565 F.3d 1080, 1086 (8th Cir. 2009), following Puckett v. United States, 556 U.S. 129, 134 (2009). The Court in Puckett expressly cautioned that this general rule requires careful attention to the breach of the plea agreement being asserted:

> [T]he breach itself will not always be conceded. In such a case, the district court if apprised of the claim will be in a position to adjudicate the matter in the first instance, creating a factual record and facilitating appellate review. [And] *some* breaches may be curable upon timely objection -- for example, where the prosecution simply forgot its commitment and is willing to adhere to the agreement.

556 U.S. at 140. The caution is particularly relevant in this case.

Helper argues the government breached its commitment in Paragraph G when it "fail[ed] to recommend a sentence of 5 years." But when? By the time the district court asked for the government's views on Helper's motion for a downward variance to five years, the court had *twice* stated its understanding that "we've got a 60-month nonbinding recommendation from the United States." Paragraph G of the plea agreement begins by stating in boldface, **"GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE -- 5 YEARS."** Paragraph G contains no explicit requirement that the government reiterate this recommendation at the sentencing hearing. Defense counsel simply stated his "expectation" that the government would do so. Perhaps that was a reasonable expectation. But the district court's explicit prior statements made it appear to be a redundancy. So when government counsel proceeded on that basis, it can hardly be called error, much less

plain error, unless defense counsel raised the issue to the district court at the close of government counsel's remarks, and the court requested a further recommendation.

Helper argues the government breached the plea agreement by "asking the district court to consider the victim impact statement, which explicitly rejected the 5-year recommendation." But Paragraph G expressly provided that the government "reserves the right . . . to respond to any request for a sentence below the applicable Guideline range." Helper had moved for a downward variance. The government responded by asking the court to consider the victim's post-plea impact statement (which the district court had already made clear it was planning to do). The government did not urge the variance be denied. If the government made the required recommendation before government counsel made her sentencing comments, as the district court's prior statements reflected, then the comments complied with Paragraph G. It is well-settled that, when the government has committed to make a recommendation in the plea agreement, it is obligated to make the recommendation, but "a less than enthusiastic recommendation will not ordinarily constitute a breach[.]" United States v. Jeffries, 569 F.3d 873, 876 (8th Cir. 2009) (government's "equivocal" statements "neither clear nor obvious" error); see United States v. Benchimol, 471 U.S. 453, 456 (1985) (per curiam).

To prevail on plain error review, Helper must show: "(1) an error, (2) that is clear or obvious, and (3) that affected [Helper's] substantial rights, which in the ordinary case means he must demonstrate it affected the outcome of the district court proceedings. If these three requirements are satisfied, we may correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings." Jeffries, 569 F.3d at 876. Here, the breach of the plea agreement alleged on appeal was likely not an erroneous interpretation of Paragraph G as construed by the district court at sentencing. And the alleged breach could not be plain error, or the court would have asked government counsel to confirm the recommendation when it asked whether the victims had agreed to the recommendation when the plea agreement was

entered into. Beyond that, Helper cannot satisfy plain error requirement (3). The district court made it crystal clear at sentencing that the United States had recommended a five year prison sentence, consistent with Helper's variance request, and the court instead decided that "a 96-month sentence in your case is appropriate." On this record, there is simply no chance that, if Helper had timely objected and government counsel had reaffirmed the government's promise in Paragraph G to recommend a five year sentence, the outcome of the sentence proceeding would have been different. Accordingly, we find no plain error breach, and the plea agreement is therefore binding on Helper.

"[A]n allegation that the sentencing judge ... abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." United States v. Andis, 333 F.3d 886, 892 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). Here, the agreement preserved Helper's right to appeal his sentence only if the court "depart[s] upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a)." The district court imposed a 96-month sentence, a substantial *downward* variance from the advisory guidelines sentence of 120 months. Like the appellant in United States v. Ackerley, 911 F.3d 519, 521 n.3 (8th Cir. 2018), Helper's Reply Brief states that he "does not dispute that the appeal waiver would be enforceable had the government fully complied with the plea agreement."

For the foregoing reasons, we dismiss the appeal.

KELLY, Circuit Judge, concurring in the judgment.[2]

In my view, Helper has not shown "a reasonable probability that the district court would have imposed a lesser sentence had the government not breached the [plea] agreement." United States v. Rendon, 752 F.3d 1130, 1135 (8th Cir. 2014) (cleaned up). I therefore agree with the court that he cannot satisfy the third element of plain error review. See id. I write separately because I believe that the government breached the plea agreement by failing to recommend a five-year sentence at Helper's sentencing hearing.

"[I]n determining whether the government has fulfilled its obligations under a plea agreement, we look to the agreement's provisions." United States v. Kramer, 12 F.3d 130, 131 (8th Cir. 1993). Here, the agreement between Helper and the government reads, "The United States agrees that it *will recommend* that the Court impose a sentence of imprisonment of 5 years." (emphasis added). Under our case law, this promise did not require the government to "zealously defend" a five-year sentence, United States v. Zurheide, 959 F.3d 919, 921 (8th Cir. 2020), as "a less than enthusiastic recommendation will not ordinarily constitute a breach," United States v. Jeffries, 569 F.3d 873, 876 (8th Cir. 2009). But the government was obligated to do what it promised to do: recommend a five-year sentence before the sentencing

[2]Because I believe the government breached the plea agreement, I would deny its motion to dismiss the appeal and affirm the district court on plain error review. See United States v. Sayles, 754 F.3d 564, 568 (8th Cir. 2014) ("[B]ecause the government breached the plea agreement, the appeal[] waiver is unenforceable."). Accordingly, I would also reach the second issue Helper raises in his brief: the substantive reasonableness of his sentence. I would affirm on this issue as well, as there is no indication that the district court abused its discretion in weighing the § 3553(a) factors. See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) (affording district courts "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence").

court. See id. (indicating that the government's promise that it "will recommend that the Court find that the defendant clearly demonstrated . . . acceptance of responsibility for his criminal conduct" was a promise to make this recommendation to the court during sentencing); cf. United States v. Jensen, 423 F.3d 851, 853–54 (8th Cir. 2005) (holding that the government breached a plea agreement in which it promised it "will," subject to certain conditions the defendant satisfied, "make a motion . . . [to] reduce the defendant's offense level" when the government failed to move for that reduction at sentencing).

At Helper's hearing, however, the government never recommended a five-year sentence for Helper—enthusiastically or otherwise. This failure alone constitutes a violation of the terms of a plea agreement in which the government vowed that it "w[ould] recommend" a five-year sentence. Cf. Jensen, 423 F.3d at 854. But the government's failure is made particularly troubling by what the government did say regarding Helper's sentence. See United States v. Brown, -- F.4th --, 2021 WL 3072901, at *4 (8th Cir. July 21, 2021) (taking "a holistic view of the Government's plea-related conduct" during sentencing to determine whether it breached a plea agreement). When the district court asked the prosecutor for her thoughts on sentencing, she referred the court to J.H.'s victim impact statement, in which J.H. described the abuse she experienced and expressed her view that "5 years is not enough" as a sentence. The prosecutor told the court, "[J.H.'s] letter is quite impactful. I'd ask the Court to consider that heavily in making its decision for the five years." The only time the government mentioned a possible five-year sentence at the hearing, then, was when the prosecutor asked the court to "heavily" consider a victim impact statement explicitly rejecting that sentence. To me, this context makes the fact of the government's breach even clearer and its potential impact more harmful. Cf. United States v. Thompson, 403 F.3d 1037, 1038, 1040–41 (8th Cir. 2005) (holding that the government breached a plea agreement in which it stipulated that the "applicable guideline section for the offense of conviction is § 2K2.1(a)" when it presented facts at the sentencing hearing that were "essentially an argument

-10-

that § 2K2.1(c)(1) should apply" instead); United States v. DeWitt, 366 F.3d 667, 668–70 (8th Cir. 2004) (concluding that the government breached a plea agreement that specified that "[t]he amount of pseudoephedrine to be used to calculate the sentencing guidelines is 1.12 grams" when it introduced evidence at sentencing "to establish the [larger] drug quantity set forth in the presentence report"). Because the government did not meet its obligations under the plea agreement, Helper has demonstrated an error that is plain. See United States v. Lovelace, 565 F.3d 1080, 1087–88 (8th Cir. 2009) (explaining that the government breaching a plea agreement "satisfies the first two requirements of the Rule 52(b) plain error test").

The court disagrees, concluding that the government's failure to recommend a five-year sentence "can hardly be called error" because the district court explained that it had "a 60-month nonbinding recommendation from the United States." Though we cannot be certain, the court may be right that, in light of the district court's comments, the prosecutor believed that actually making the recommendation the government promised would be "a redundancy." But in my view, the fact that the district court was familiar with the terms of the plea agreement and with what the government promised to recommend goes to the third element of the plain error test: whether any error affected Helper's substantial rights. It does not excuse the government's breach or render that breach something other than an error. Helper's plea agreement contained a promise that the government would recommend to the district court a five-year sentence; regardless of what else took place at the sentencing hearing, the government was obligated to keep that promise. See Jeffries, 569 F.3d at 876 ("Although a less than enthusiastic recommendation will not ordinarily constitute a breach, the government is obligated to make [its promised sentencing] recommendation to the court."); cf. Niz-Chavez v. Garland, 141 S. Ct. 1474, 1486 (2021) ("If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them.").

_____