# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3532
_____

United States of America

*Plaintiff - Appellee*

v.

Wilbert Adam Theodore

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: September 18, 2023
Filed: October 11, 2023
[Unpublished]
_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Wilbert Adam Theodore pled guilty to wire fraud in violation of 18 U.S.C. § 1343. The district court[1] sentenced him to 70 months in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

I.

Theodore engaged in a coordinated scheme with others to negotiate forged checks for profit. At sentencing, the district court imposed a two-level enhancement for using sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C). Theodore contests the enhancement. This court reviews for clear error the factual finding that a scheme involved sophisticated means. *United States v. Meadows*, 866 F.3d 913, 917 (8th Cir. 2017). Sophisticated means involve "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1, cmt. n.9(B). "Although there is no mechanical test to determine whether a scheme is sufficiently sophisticated to qualify for the enhancement," this court looks "at the following factors: (1) the overall length of the scheme, (2) the use of forged or false documents, and (3) the use of Ponzi-type payments." *Meadows*, 866 F.3d at 917-18 (cleaned up). "Even if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme." *United States v. Fiorito*, 640 F.3d 338, 351 (8th Cir. 2011).

The district court thoroughly discussed Eighth Circuit case law about sophisticated means. It then made robust factual findings supporting its conclusion that Theodore used sophisticated means based on "the sheer volume" and "multiple different ways that fraudulent documents were created." He used more than 100 forged South Dakota state identification cards, stole social security numbers of at least 10 people, and created hundreds of fraudulent checks. The scheme lasted almost eight months, including over 150 transactions at Walmarts in Alabama, Louisiana, Texas, and Arkansas, and using costumes and a fraudulently obtained vehicle. The district court did not clearly err in finding that this conduct involved sophisticated means. *See generally United States v. Laws*, 819 F.3d 388, 393-94 (8th Cir. 2016) (holding that while tax fraud is not "generally a sophisticated offense" it became one because of the repetitive conduct, use of multiple bank accounts, and concealment of victims).

## II.

Theodore believes the district court erred in calculating the guidelines based on the loss amount. This court reviews de novo the interpretation of loss under the guidelines, and the loss calculation for clear error. *United States v. Killen*, 761 F.3d 945, 948 (8th Cir. 2014). But when, as here, the defendant "failed to object at sentencing to the district court's loss calculation," this court reviews for plain error. *United States v. Callaway*, 762 F.3d 754, 759 (8th Cir. 2014). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *United States v. Isler*, 983 F.3d 335, 341 (8th Cir. 2020). "If these three requirements are satisfied," this court may correct the error only if "it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Helper*, 7 F.4th 706, 711 (8th Cir. 2021).

Under § 2B1.1(b)(1), "loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1, cmt. n.3(A). Intended loss "means the pecuniary harm that the defendant purposely sought to inflict" even if it "would have been impossible or unlikely to occur." U.S.S.G. § 2B1.1 cmt. n.3(A)(ii). The government must prove facts necessary to establish a sentencing enhancement by a preponderance of the evidence. *United States v. Razo-Guerra*, 534 F.3d 970, 975 (8th Cir. 2008). The district court "may accept any undisputed portion of the PSR as a finding of fact." *Id*. (cleaned up) (quoting Fed. R. Crim. P. 32(i)(3)(A)).

Theodore contends the government failed to establish the intended loss by a preponderance of the evidence. Here, the district court determined without objection that the loss amount pursuant to U.S.S.G. § 2B1.1(a)(1) was more than $150,000 but less than $250,000, resulting in a 10-level enhancement. The court determined this number from the PSR's assessment of an intended loss of $134,542.69 in forged checks and an actual loss of $19,222. Theodore did not contest the parts of the PSR finding him responsible for the forged checks or the actual loss, and the district court properly relied on the PSR for those amounts. *See United States v. Lee*, 570 F.3d 979, 982 (8th Cir. 2009) ("the district court is entitled to rely on facts in the PSR

when the defendant objects not to the facts themselves but to the PSR's recommendation based on those facts" (cleaned up)). The court did not plainly err in determining the loss amount.

## III.

Theodore asserts the district court erred in imposing a within-guidelines sentence of 70 months (range was 63 to 78 months) because it did not properly consider the mitigating factors warranting a downward variance. This court reviews for abuse of discretion. *United States v. Edwards*, 820 F.3d 362, 366 (8th Cir. 2016). The district court considered the 18 U.S.C. § 3553(a) factors and explained its reasoning. It discussed the mitigating factors—his struggles with addiction, disproportionate amount between intended loss and actual loss, and acceptance of responsibility—but it weighed them against the aggravating factors—planning involved, length of time, geographic scope, and coordination. The court did not abuse its discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____